| | |
|---|---|
| 1 | HARVEY SISKIND JACOBS LLP |
|  | Ian K. Boyd (SBN 191434) |
| 2 | Ranjitsinh Mahida (SBN 206741) |
|  | Four Embarcadero Center, 39th Floor |
| 3 | San Francisco, California 94111 |
|  | Tel:  (415) 354-0100 |
| 4 | Fax:  (415) 391-7124 |
| 5 | SHAW PITTMAN LLP |
|  | Lawrence J. Gotts (*pro hac vice pending*) |
| 6 | Yitai Hu (*pro hac vice pending*) |
|  | Mark Koehn (*pro hac vice pending*) |
| 7 | Ming-Tao Yang (SBN 221295*)* |
|  | David C. Isaacson (*pro hac vice pending*) |
| 8 | 1650 Tysons Boulevard, 14th Floor |
|  | McLean, Virginia 22102 |
| 9 | Tel:  (703) 770-7900 |
|  | Fax:  (703) 770-7901 |
| 10 | |
|  | Attorneys for Intervenor |
| 11 | REALTEK SEMICONDUCTOR CORPORATION |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| 3 COM CORPORATION, a Delaware corporation, | |
| Plaintiff, | |
| v. | Case No. C-03-2177 VRW |
| D-LINK SYSTEMS, INC., a California corporation, | |
| Defendant. | |
| REALTEK SEMICONDUCTOR CORPORATION, | |
| Intervenor, | |
| v. | |
| 3COM CORPORATION, | |
| Intervention Defendant. | |

**INTERVENTION COMPLAINT FOR
DECLARATORY JUDGMENT BY INTERVENOR
REALTEK SEMICONDUCTOR CORPORATION**

Pursuant to the Court's Order dated June 23, 2004, Intervenor Realtek Semiconductor Corporation ("Realtek"), for its Intervention Complaint, hereby alleges as follows:

**PARTIES**

1. Intervenor Realtek is a corporation of Taiwan, R.O.C., with its principal place of business at No. 2 Industry East Road IX, Science-based Industrial Park, Hsinchu 300, Taiwan, ROC.

2. On information and belief, Plaintiff and Intervention Defendant 3Com Corporation ("3Com") is a Delaware corporation having a principal place of business at 5400 Bayfront Plaza, Santa Clara, California, 95052.

3. On information and belief, Defendant D-Link Systems, Inc. ("D-Link") is a California corporation with its principal place of business at 53 Discovery, Irvine, California 92618.

**JURISDICTION AND VENUE**

4. Realtek's claims in this Intervention Complaint arise out of the same transaction or occurrence that is the subject matter of the claims and counterclaims of Plaintiff/Intervention Defendant and Defendant in this action. This Court has subject matter jurisdiction over these claims and counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202 and 35 U.S.C. § 1 *et seq*.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

6. On or about January 7, 2003, 3Com commenced this civil action for infringement of United States Patent Nos. 5,307,459 (the "'459 patent"); 5,434,872 (the "'872 patent"); and 5,732,094 (the "'094 patent") (collectively, the "patents-in-suit") by filing its Complaint in this action against D-Link. As a consequence, there is an actual justiciable controversy between 3Com and D-Link concerning whether D-Link infringes any valid and enforceable claim of the patents-in-suit.

7. 3Com's allegations as set forth in its Complaint, and D-Link's Second Amended Answer, Counterclaim, and Demand For Jury Trial to those allegations, are hereby incorporated as part of this Intervention Complaint by reference.

8. In its Complaint, 3Com alleges that D-Link infringes the patents-in-suit by making,

1  using, selling and inducing others to use and sell network interface cards including, but not limited to,
2  the D-Link DFE 530 and other products with similar functionality related to the patents-in-suit ("D-
3  Link accused products"), within the United States and without 3Com's permission.

4      9.    On April 26, 2004, 3Com alerted D-Link that 3Com would seek D-Link's corporate
5  deposition regarding Realtek as a supplier of components used in D-Link's DFE-530TX+ products.

6      10.    On information and belief, 3Com is now asserting claims for infringement with
7  respect to D-Link's DFE-530TX+ products, some of which include network interface controllers
8  supplied by Realtek.

9      11.    On information and belief, 3Com's claims against the D-Link accused products (now
10 including those designated DFE-530TX+), in effect, are claims against Realtek.

11     12.    On information and belief, 3Com has accused Realtek's network interface controller
12 incorporated in the D-Link accused products (the "Realtek accused products") of infringing the
13 patents-in-suit.

14     13.    As a consequence, there is an actual justiciable controversy between 3Com and
15 Realtek concerning whether Realtek infringes any valid and enforceable claim of the patents-in-suit.

16                                **GENERAL ALLEGATIONS**

17     14.    Realtek has not infringed and does not infringe (either directly, contributorily, or by
18 inducement) any valid and enforceable claim of the '459 patent, either literally or under the doctrine
19 of equivalents.

20     15.    Realtek has not infringed and does not infringe (either directly, contributorily, or by
21 inducement) any valid and enforceable claim of the '872 patent, either literally or under the doctrine
22 of equivalents.

23     16.    Realtek has not infringed and does not infringe (either directly, contributorily, or by
24 inducement) any valid and enforceable claim of the '094 patent, either literally or under the doctrine
25 of equivalents.

26     17.    One or more claims of the '459 patent are invalid and/or unenforceable for failure to
27 comply with one or more of the requirements of Title 35, U.S. Code, including at least Sections 102,
28 103, and 112, and/or under applicable judicial precedent.

1  18. One or more claims of the '872 patent are invalid and/or unenforceable for failure to
2  comply with one or more of the requirements of Title 35, U.S. Code, including at least Sections 102,
3  103, and 112, and/or under applicable judicial precedent.

4  19. One or more claims of the '094 patent are invalid and/or unenforceable for failure to
5  comply with one or more of the requirements of Title 35, U.S. Code, including at least Sections 102,
6  103, and 112, and/or under applicable judicial precedent.

7  20. The '459 patent is unenforceable at least for the applicants' failure to disclose to the
8  United States Patent and Trademark Office U.S. Patent No. 4,860,193 ("the '193 patent"), a material
9  reference. On or about October 26, 1993, prior to the issuance of the '459 patent, the '193 patent was
10 cited by the Examiner of the patent application that led to the '872 patent. The '459 and '872 patents
11 list common inventors and were both prosecuted by the same patent attorney. Upon information and
12 belief, the applicants for the '459 patent were aware of the '193 patent during the prosecution of the
13 '459 patent and withheld it with an intent to deceive. The '193 patent issued more than one year
14 prior to the filing of the patent application that led to the '459 patent and, consequently, is prior art to
15 the '459 patent.

16 21. The '872 patent is unenforceable at least for the applicants' failure to disclose to the
17 United States Patent and Trademark Office U.S. Patent No. 4,907,225 ("the '225 patent"), a material
18 reference. On or about October 14, 1993, prior to the issuance of the '872 patent, the '225 patent was
19 cited by the Examiner of the patent application that led to the '459 patent. The '872 and '459 patents
20 list common inventors and were both prosecuted by the same patent attorney. Upon information and
21 belief, the applicants for the '872 patent were aware of the '225 patent during the prosecution of the
22 '872 patent and withheld it with an intent to deceive. The '225 patent issued more than one year prior
23 to the filing of the patent application that led to the '872 patent and, consequently, is prior art to the
24 '872 patent.

25 22. The '094 patent is unenforceable at least for the applicants' failure to disclose to the
26 United States Patent and Trademark Office the '225 patent, a material reference. On or about
27 October 14, 1993, prior to the issuance of the '094 patent, the '225 patent was cited by the Examiner
28 of the patent application that led to the '459 patent. The '094 and '459 patents list common inventors

and were both prosecuted by the same patent attorney. Upon information and belief, the applicants for the '094 patent were aware of the '225 patent during the prosecution of the '094 patent and withheld it with an intent to deceive. The '225 patent issued more than one year prior to the filing of the patent application that led to the '094 patent and, consequently, is prior art to the '094 patent.

## COUNT ONE

**(Declaratory Judgment of Invalidity and/or Unenforceability)**

23. This Claim arises under the Federal Declaratory Relief Act and the Patent Laws of the United States, particularly 28 U.S.C. §§2201 and 2202 and 35 U.S.C. §§l *et seq*.

24. One or more claims of each patent-in-suit is invalid and/or unenforceable for failure to comply with one or more requirements of Title 35, U.S. Code, including at least Sections 102, 103, and 112, and/or under applicable judicial precedent.

25. Realtek is entitled to a declaratory judgment that the patents-in-suit are invalid and/or unenforceable.

## COUNT TWO

**(Declaratory Judgment of Non-Infringement)**

26. This Claim arises under the Federal Declaratory Relief Act and the Patent Laws of the United States, particularly 28 U.S.C. §§2201 and 2202 and 35 U.S.C. §§1 *et seq*.

27. Importation, use, sale, or offers for sale of the D-Link accused products and Realtek accused products in the United States will not infringe, contributorily infringe, or induce infringement of any valid and enforceable claim of any of the patents-in-suit.

28. Realtek is entitled to a declaratory judgment that importation, use, sale, and offers for sale of the D-Link accused products and Realtek accused products in the United States will not infringe directly or indirectly, contributorily or by inducement, any valid and enforceable claim of any of the patents-in-suit.

## PRAYER FOR RELIEF

**WHEREFORE**, Realtek respectfully requests that the Court:

A. Dismiss the Complaint with prejudice;

B. Enter a judgment in favor of Realtek;

1       C.    Declare that Realtek has not infringed and currently is not infringing, whether directly, indirectly, contributorily, by inducement, literally, or under the doctrine of equivalents any claim of the patents-in-suit;

      D.    Declare that the patents-in-suit are invalid and unenforceable;

      E.    Declare that this is an exceptional case under 35 U.S.C. § 285 and award attorneys fees to Realtek; and

      F.    Grant such further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Realtek respectfully demands a trial by jury on all issues so triable.

Dated: June 23, 2004                              Respectfully Submitted,

                                                 HARVEY SISKIND JACOBS LLP
                                                 Ian K. Boyd
                                                 Ranjitsinh Mahida

                                                 By: /s/ Ranjitsinh Mahida
                                                        Ranjitsinh Mahida

                                                 SHAW PITTMAN LLP
                                                 Lawrence J. Gotts (*pro hac vice pending*)
                                                 Yitai Hu (*pro hac vice pending*)
                                                 Mark Koehn (*pro hac vice pending*)
                                                 Ming-Tao Yang
                                                 David C. Isaacson (*pro hac vice pending*)

                                                 Attorneys For Intervenor
                                                 REALTEK SEMICONDUCTOR CORPORATION