1  NEIL A. SMITH (No. 63777)
   HOWARD RICE NEMEROVSKI CANADY
2       FALK & RABKIN
   A Professional Corporation
3  Three Embarcadero Center, 7th Floor
   San Francisco, California  94111-4024
4  Telephone:   415/434-1600
   Facsimile:   415/217-5910
5
   JAMES H. LAUGHLIN, JR. (*Pro Hac Vice*)
6  ROBERT C. BERTIN (*Pro Hac Vice*)
   ALICIA A. MEROS (*Pro Hac Vice*)
7  CHADWICK A. JACKSON (*Pro Hac Vice*)
   SEAN P. HANLON (*Pro Hac Vice*)
8  THOMAS S. VALENTE (*Pro Hac Vice*)
   SWIDLER BERLIN SHEREFF FRIEDMAN, LLP
9  3000 K Street, N.W., Suite 300
   Washington, DC  20007-5116
10 Telephone:   202/424-7500
   Facsimile:   202/295-8478
11
   Attorneys for Plaintiff
12 3COM CORPORATION

13                 UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                      SAN FRANCISCO DIVISION

| | |
|---|---|
| 16  3COM CORPORATION, | No. C-03-2177 VRW |
| 17           Plaintiff, | 3COM CORPORATION'S ANSWER AND COUNTERCLAIMS TO COMPLAINT OF INTERVENOR REALTEK SEMICONDUCTOR CORPORATION AND DEMAND FOR JURY TRIAL |
| 18      v. | |
| 19  D-LINK SYSTEMS INC., | |
| 20           Defendant. | |
| 21  REALTEK SEMICONDUCTOR CORPORATION, | |
| 22 | |
| 23           Intervenor/ Counterclaim Defendant, | |
| 24      v. | |
| 25  3COM CORPORATION, | |
| 26           Intervention Defendant/ Counterclaim Plaintiff. | |
| 27 | |
| 28 | |

Plaintiff 3Com Corporation ("3Com"), for its Answer and Counterclaims to Intervenor Realtek Semiconductor Corp. ("Realtek"), hereby states as follows:

## PARTIES

1. 3Com is without sufficient knowledge or information to form a belief as to the truth of Paragraph 1 and therefore holds Realtek to its proof.

2. 3Com admits the allegations of Paragraph 2.

3. 3Com admits the allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. As to the first sentence of Paragraph 4, 3Com is without sufficient knowledge or information to form a belief and therefore holds Realtek to its proof.  3Com admits that this Court has subject-matter jurisdiction of these causes of action pursuant to 28 U.S.C. §§1331, 1338(a) and 1367, under the Patent Laws of United States, 35 U.S.C. §1 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

5. 3Com admits that venue is proper in this District pursuant to 28 U.S.C. §§1391 and 1400.

6. 3Com admits the allegations of Paragraph 6.

7. 3Com admits that Paragraph 7 purports to incorporate the allegations set forth in 3Com's Complaint as well as D-Link's Second Amended Answer, Counterclaim, and Demand for Jury Trial.

8. 3Com admits the allegations of Paragraph 8.

9. 3Com admits that it communicated with D-Link on April 26, 2004 regarding its corporate deposition, but denies the characterization of that communication set forth in Paragraph 9.

10. 3Com admits the truth of Paragraph 10 only to the extent that it has asserted claims for infringement against a variety of D-Link products, including its DFE-530TX+ products and products of equivalent functionality.  On information and belief, at least some

1   of these products include network interface controllers supplied by Realtek.

2       11.   Paragraph 11 expresses a legal conclusion and as such is not susceptible to
3   admission and therefore 3Com denies the allegations of Paragraph 11.

4       12.   3Com admits the allegations of Paragraph 12 only to the extent that the network
5   interface controllers incorporated in the D-Link accused products infringe 3Com patents.
6   On information and belief, Realtek has manufactured at least some of the network interface
7   controllers for D-Link products.

8       13.   3Com admits the allegations of Paragraph 13 only to the extent that there is an
9   actual justiciable controversy between 3Com and Realtek concerning Realtek's infringement
10  of valid and enforceable patents owned by 3Com.

## GENERAL ALLEGATIONS

13      14.   3Com denies the allegations of Paragraph 14.
14      15.   3Com denies the allegations of Paragraph 15.
15      16.   3Com denies the allegations of Paragraph 16.
16      17.   3Com denies the allegations of Paragraph 17.
17      18.   3Com denies the allegations of Paragraph 18.
18      19.   3Com denies the allegations of Paragraph 19.
19      20.   3Com denies the allegations of Paragraph 20.
20      21.   3Com denies the allegations of Paragraph 21.
21      22.   3Com denies the allegations of Paragraph 22.

## COUNT ONE

24      23.   3Com admits that this court has subject-matter jurisdiction over Realtek's claim
25  for a declaratory judgment pursuant to the statutes cited in Paragraph 23.
26      24.   3Com denies the allegations of Paragraph 24.
27      25.   3Com denies the allegations of Paragraph 25.

## COUNT TWO

26. 3Com admits that this court has subject-matter jurisdiction over Realtek's claim for a declaratory judgment pursuant to the statutes cited in Paragraph 26.

27. 3Com denies the allegations of Paragraph 27.

28. 3Com denies the allegations of Paragraph 28.

## COUNTERCLAIMS

Com asserts the following counterclaims against Realtek.

## NATURE OF THE CASE

1. The claims asserted in this action concern the infringement by D-Link and Realtek of patents owned by 3Com relating to network interface controllers. Network interface controllers include both "10/100" and "10/100/1000" models, the designations which refer to the nominal rates at which the network interface controller can transfer data. 3Com seeks damages for D-Link's and Realtek's infringement of its patents, as well as a permanent injunction restraining these parties from future infringement.

## PARTIES

2. 3Com Corporation ("3Com") is a Delaware corporation having a principal place of business at 5400 Bayfront Plaza, Santa Clara, California, 95052. 3Com is an industry leader in technology and provides innovative, practical, and high-value networking products, including network interface controllers, for its customers. 3Com is also a leader in internet protocol service platforms and access infrastructure for the network service provider market.

3. On information and belief, Realtek Semiconductor Corporation ("Realtek") is a corporation of Taiwan, R.O.C. having a principal place of business at No. 2 Industry East Road IX, Science-based Industrial Park, Hsinschu 300, Taiwan, R.O.C.

4. Realtek has voluntarily intervened in the above-captioned patent infringement action between 3Com and D-Link Systems, Inc. ("D-Link"). Realtek is selling or offering

for sale in the United States network interface controller products that infringe 3Com's patents.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction of these causes of action pursuant to 28 U.S.C. §§1331, 1338(a) and 1367, under the Patent Laws of United States, 35 U.S.C. §1 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

6. Venue is proper in this District pursuant to 28 U.S.C. §§1391 and 1400.

7. This Court has personal jurisdiction over Realtek because Realtek has voluntarily appeared before this Court and voluntarily invoked this Court's jurisdiction to seek judgments against 3Com. In particular:

    (a) Realtek has voluntarily intervened in this action;

    (b) Realtek has voluntarily sought a judgment from this Court declaring that one or more claims of 3Com's patents are invalid and unenforceable; and

    (c) Realtek has voluntarily sought a judgment from this Court declaring that the use of Realtek's products within the United States does not infringe 3Com's patents.

Having voluntarily sought relief from this Court, Realtek has consented to this Court's personal jurisdiction.

8. This Court has personal jurisdiction over Realtek because Realtek is selling or offering for sale in this judicial district network interface controller products that infringe 3Com's patents.

## BACKGROUND

### 3COM TECHNOLOGY AND THE 3COM NETWORK INTERFACE CONTROLLER PATENTS

9. Since its founding in 1979, 3Com has invested in research that has led to the development of numerous networking products. Because of its innovative and practical products, the company is recognized world-wide as a leader in the industry it helped grow.

1  The company domestically manufactures a number of its own products and frequently
2  licenses others to use its proprietary technology.

3    10.  From the research investment 3Com has made in networking technology, it has
4  made many improvements and developed new techniques in the technology that have been
5  recognized by the industry. This investment by 3Com has resulted in a number of inventions
6  covered by issued patents.

7    11.  3Com is the owner of all right, title and interest, including the right to bring
8  actions and recover damages for Realtek's infringement, in the following three patents
9  relating to "10/100" network interface controllers, all three of which are already the subject
10  of this patent-infringement litigation between 3Com and D-Link (the "3Com '10/100'
11  Patents"):

12    (a)  United States Patent No. 5,307,459 entitled "Network adapter with host
13  indication optimization," issued on April 26, 1994 ("the '459 patent"). A copy is attached
14  hereto as Exhibit 1;

15    (b)  United States Patent No. 5,434,872 entitled "Apparatus for automatic
16  initiation of data transmission," issued on July 18, 1995 ("the '872 patent"). A copy is
17  attached hereto as Exhibit 2; and

18    (c)  United States Patent No. 5,732,094 entitled "Method for automatic
19  initiation of data transmission," issued on March 24, 1998 ("the '094 patent"). A copy is
20  attached hereto as Exhibit 3;

21    12.  In addition, 3Com is the owner of all right, title and interest, including the right to
22  bring actions and recover damages for Realtek's infringement, in the following four patents
23  relating to "10/100/1000" network interface controllers (the "3Com '10/100/1000' Patents"):

24    (a)  United States Patent No. 6,115,776 entitled "Network and adaptor with
25  time-based and packet number based interrupt combinations," issued on September 5, 2000
26  ("the '776 patent"). A copy is attached hereto as Exhibit 4;

27    (b)  United States Patent No. 6,327,625 entitled "FIFO-based network interface
28  supporting out-of-order processing," issued on December 4, 2001 ("the '625 patent"). A

1 copy is attached hereto as Exhibit 5;

2     (c) United States Patent No. 6,526,466 entitled "Hardware only transmission control protocol segmentation for a high performance network interface card," issued on February 25, 2003 ("the '466 patent"). A copy is attached hereto as Exhibit 6; and

    (d) United States Patent No. 6,570,884 entitled "Receive filtering for communication interface," issued on May 27, 2003 ("the '884 patent"). A copy is attached hereto as Exhibit 7.

### REALTEK'S INFRINGEMENT OF THE 3COM'S NETWORK INTERFACE CONTROLLER PATENTS

13. Realtek infringes the 3Com "10/100" Patents, referenced in paragraph 11 above, by making, using, selling and/or offering to sell, and/or in effect making, using, selling and/or offering to sell, within the United States and without 3Com's permission, products including but not limited to the RTL8139D(L) network interface controller and other products with substantially similar functionality.

14. On information and belief, Realtek has sold and/or offered to sell the products referred to in paragraph 13 above to one or more purchasers within the United States and without 3Com's permission.

15. Realtek has had actual and/or constructive notice of the 3COM "10/100" Patents. Realtek knew or should have known of the 3COM "10/100" Patents since on or about the date of issuance of these Patents due to patent marking. Further, 3COM provided formal written notice of the 3COM "10/100" Patents to Realtek on or about October, 2002.

16. Realtek is infringing the 3Com "10/100/1000" Patents, referenced in paragraph 12 above, by making, using, selling and/or offering to sell, and/or in effect making, using, selling and/or offering to sell, within the United States and without 3Com's permission, products including but not limited to the RTL8110SB(L), RTL8169SB(L) and RTL8169S-32 network interface controllers and other products with substantially similar functionality.

17. Realtek has sold and/or offered to sell the products referred to in paragraph 16 above to one or more purchasers within the United States and without 3Com's permission.

## COUNT ONE

18. Paragraphs 1 through 17 are incorporated herein by reference.

19. 3Com is the owner of all right, title and interest in and to United States Patent No. 5,307,459, and accordingly has the right to bring actions and recover damages for infringement of the '459 patent.

20. Realtek makes, uses, sells and/or offers to sell, and/or in effect makes, uses, sells and/or offers to sell, products that infringe directly and/or indirectly the claims of the '459 patent, within the United States and without 3Com's permission.

21. Realtek has had actual and/or constructive notice of the '459 patent owned by 3Com.

22. Realtek has not had nor does it presently have a reasonable basis for believing it has a right to engage in the acts complained of herein, and its past and on-going infringement is willful and deliberate, making this an exceptional case and justifying the award of treble damages pursuant to 35 U.S.C. §284 and attorney fees pursuant to 35 U.S.C. §285.

23. Unless enjoined by this Court, Realtek will continue to infringe the '459 patent, thereby irreparably harming 3Com.

## COUNT TWO

24. Paragraphs 1 through 17 are incorporated herein by reference.

25. 3Com is the owner of all right, title and interest in and to United States Patent No. 5,434,872, and accordingly has the right to bring actions and recover damages for infringement of the '872 patent.

26. Realtek makes, uses, sells and/or offers to sell, and/or in effect makes, uses, sells and/or offers to sell, products that infringe directly and/or indirectly the claims of the '872

1  patent, within the United States and without 3Com's permission.

2      27.   Realtek has had actual and/or constructive notice of the '872 patent owned by
3  3Com.

4      28.   Realtek has not had nor does it presently have a reasonable basis for believing it
5  has a right to engage in the acts complained of herein, and its past and on-going
6  infringement is willful and deliberate, making this an exceptional case and justifying the
7  award of treble damages pursuant to 35 U.S.C. §284 and attorney fees pursuant to 35 U.S.C.
8  §285.

9      29.   Unless enjoined by this Court, Realtek will continue to infringe the '872 patent,
10 thereby irreparably harming 3Com.

## COUNT THREE

13     30.   Paragraphs 1 through 17 are incorporated herein by reference.

14     31.   3Com is the owner of all right, title and interest in and to United States Patent
15 No. 5,732,094, and accordingly has the right to bring actions and recover damages for
16 infringement of the '094 patent.

17     32.   Realtek makes, uses, sells and/or offers to sell, and/or in effect makes, uses, sells
18 and/or offers to sell, products that infringe directly and/or indirectly the claims of the '094
19 patent, within the United States and without 3Com's permission.

20     33.   Realtek has had actual and/or constructive notice of the '094 patent owned by
21 3Com.

22     34.   Realtek has not had nor does it presently have a reasonable basis for believing it
23 has a right to engage in the acts complained of herein, and its past and on-going
24 infringement is willful and deliberate, making this an exceptional case and justifying the
25 award of treble damages pursuant to 35 U.S.C. §284 and attorney fees pursuant to 35 U.S.C.
26 §285.

27     35.   Unless enjoined by this Court, Realtek will continue to infringe the '094 patent,
28 thereby irreparably harming 3Com.

## COUNT FOUR

36.  Paragraphs 1 through 17 are incorporated herein by reference.

37.  3Com is the owner of all right, title and interest in and to United States Patent No. 6,115,776, and accordingly has the right to bring actions and recover damages for infringement of the '776 patent.

38.  Realtek makes, uses, sells and/or offers to sell, and/or in effect makes, uses, sells and/or offers to sell, products that infringe directly and/or indirectly the claims of the '776 patent.

39.  Realtek does not have a reasonable basis for believing it has a right to engage in the acts complained of herein, and its on-going infringement is therefore willful and deliberate, making this an exceptional case and justifying the award of treble damages pursuant to 35 U.S.C. §284 and attorney fees pursuant to 35 U.S.C. §285.

40.  Unless enjoined by this Court, Realtek will continue to infringe the '776 patent, thereby irreparably harming 3Com.

## COUNT FIVE

41.  Paragraphs 1 through 17 are incorporated herein by reference.

42.  3Com is the owner of all right, title and interest in and to United States Patent No. 6,327,625, and accordingly has the right to bring actions and recover damages for infringement of the '625 patent.

43.  Realtek makes, uses, sells and/or offers to sell, and/or in effect makes, uses, sells and/or offers to sell, products that infringe directly and/or indirectly the claims of the '625 patent.

44.  Realtek does not have a reasonable basis for believing it has a right to engage in the acts complained of herein, and its on-going infringement is therefore willful and deliberate, making this an exceptional case and justifying the award of treble damages pursuant to 35 U.S.C. §284 and attorney fees pursuant to 35 U.S.C. §285.

45.  Unless enjoined by this Court, Realtek will continue to infringe the '625 patent,

thereby irreparably harming 3Com.

## COUNT SIX

46. Paragraphs 1 through 17 are incorporated herein by reference.

47. 3Com is the owner of all right, title and interest in and to United States Patent No. 6,526,446, and accordingly has the right to bring actions and recover damages for infringement of the '446 patent.

48. Realtek makes, uses, sells and/or offers to sell, and/or in effect makes, uses, sells and/or offers to sell, products that infringe directly and/or indirectly the claims of the '446 patent.

49. Realtek does not have a reasonable basis for believing it has a right to engage in the acts complained of herein, and its on-going infringement is therefore willful and deliberate, making this an exceptional case and justifying the award of treble damages pursuant to 35 U.S.C. §284 and attorney fees pursuant to 35 U.S.C. §285.

50. Unless enjoined by this Court, Realtek will continue to infringe the '446 patent, thereby irreparably harming 3Com.

## COUNT SEVEN

51. Paragraphs 1 through 17 are incorporated herein by reference.

52. 3Com is the owner of all right, title and interest in and to United States Patent No. 6,570,884, and accordingly has the right to bring actions and recover damages for infringement of the '884 patent.

53. Realtek makes, uses, sells and/or offers to sell, and/or in effect makes, uses, sells and/or offers to sell, products that infringe directly and/or indirectly the claims of the '884 patent.

54. Realtek does not have a reasonable basis for believing it has a right to engage in the acts complained of herein, and its on-going infringement is therefore willful and deliberate, making this an exceptional case and justifying the award of treble damages

pursuant to 35 U.S.C. §284 and attorney fees pursuant to 35 U.S.C. §285.

55. Unless enjoined by this Court, Realtek will continue to infringe the '884 patent, thereby irreparably harming 3Com.

### 3COM'S PRAYER FOR RELIEF

WHEREFORE, 3Com respectfully prays for a judgment:

A. Awarding to 3Com compensatory damages resulting from Realtek's infringement of the 3Com "10/100" and "10/100/1000" Patents, in an amount to be ascertained at trial;

B. Trebling any and all damages awarded for Realtek's infringement of the 3Com "10/100" and "10/100/1000" Patents;

C. Permanently enjoining Realtek and its officers, directors, employees, servants and agents from infringing the 3Com "10/100" and "10/100/1000" Patents;

D. Awarding to 3Com interest and costs;

E. Awarding to 3Com reasonable attorneys' fees and costs of the litigation.

F. For such other and further relief in favor of the 3Com as this Court deems just and proper.

**3COM'S DEMAND FOR TRIAL BY JURY**

Pursuant to law 3Com demands a trial by jury for all issues.

DATED: July 13, 2004.

                                    Respectfully,

                                    JAMES H. LAUGHLIN, JR.
                                    ROBERT C. BERTIN
                                    ALICIA A. MEROS
                                    CHADWICK A. JACKSON
                                    SEAN P. HANLON
                                    THOMAS S. VALENTE
                                    SWIDLER BERLIN SHEREFF FRIEDMAN, LLP

                                    NEIL A. SMITH
                                    HOWARD RICE NEMEROVSKI CANADY
                                         FALK & RABKIN
                                    A Professional Corporation

                                  By: _____/s/_____
                                              NEIL A. SMITH

                                  Attorneys for Plaintiff 3COM CORPORATION

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*