Steven H. Morrissett (State Bar No. 73424)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
Stanford Research Park
700 Hansen Way
Palo Alto, California  94304
Telephone:     (650) 849-6600
Facsimile:      (650) 849-6666

Of Counsel:
E. Robert Yoches (*pro hac vice*)
Timothy J. May (*pro hac vice*)
Kevin M. Rosenbaum (State Bar No. 206739)
Elizabeth A. Niemeyer (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
1300 I St., NW
Washington, DC  20005
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400

Attorneys for Defendant
D-Link Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| 3COM CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>D-LINK SYSTEMS, INC.,<br><br>　　　　　Defendant. | CASE NO. CV-03-2177-VRW<br><br>**D-LINK'S NOTICE OF MOTION AND MOTION TO STRIKE 3COM'S PRELIMINARY INFRINGEMENT CONTENTIONS AND TO DISMISS ALLEGATIONS OF INFRINGEMENT AGAINST D-LINK'S DFE-530TX AND DFE-550TX PRODUCTS**<br><br>Judge Vaughn R. Walker<br>Date:  March 3, 2005<br>Time:  2:00 p.m.<br>Courtroom:  6, 17th Floor |
| REALTEK SEMICONDUCTOR CORPORATION,<br><br>　　　　　Intervenor/<br>　　　　　Counterclaim Defendant,<br>　v.<br><br>3COM CORPORATION,<br><br>　　　　　Intervention Defendant/<br>　　　　　Counterclaim Plaintiff | |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on March 3, 2005, at 2:00 p.m., in Courtroom 6 of this Court, located at 450 Golden Gate Avenue, San Francisco, California, or as soon thereafter as the matter may be heard before the Honorable Vaughn R. Walker, Defendant D-Link Systems, Inc. ("D-Link") will and hereby does move for this Court to strike the Preliminary Infringement Contentions served by Plaintiff 3Com Corporation ("3Com") for failure to comply with Patent Local Rule 3-1 and to dismiss allegations against D-Link's DFE-530TX and DFE-550TX products.

This motion asks the Court to strike 3Com's Preliminary Infringement Contentions because every contention states that it is based on testing of the accused products that 3Com now admits that it never performed. In addition, once reference to that testing is stricken from the infringement contentions, there remains neither a description of where each claim element is found in the accused devices as required by Patent L.R. 3-1, nor a factual basis to support 3Com's complaint.

This motion is based upon this Notice of Motion and Memorandum of Points and Authorities, the supporting declaration of Steven H. Morrissett, other papers and pleadings on file, and on such additional argument and evidence as may be presented to the Court at or prior to the hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

3Com filed a complaint against D-Link in early 2003, asserting three of its patents against D-Link's network interface cards (NICs).[1] In November 2003, pursuant to Patent L.R. 3-1, 3Com served its Preliminary Infringement Contentions (PIC) accusing two specific products of patent infringement: D-Link's DFE-530TX and DFE-550TX NICs. Patent L.R. 3-1 requires 3Com's PIC to identify "specifically where each element of each asserted claim is found within each Accused Instrumentality." Rather than do so, 3Com's claim charts repeated the language of the claims and

---

[1] A NIC allows a host computer to connect to a network.

made only the bare and unsupported assertion for each claim element that "testing demonstrated" the element's presence.

When 3Com refused to provide further information about the alleged testing, D-Link moved to compel discovery of the testing. After three court hearings, 3Com finally admitted that it had never tested the accused products.

Without this testing, the PIC provides no basis for 3Com's allegations of infringement, so the Court should strike 3Com's PIC. Without the PIC, 3Com has no support for its claims that the DFE-530TX and the DFE-550TX infringe its patents, and the Court should dismiss the claims as to those products.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Proceedings

On January 7, 2003, 3Com filed its complaint for patent infringement in the United States District Court for the District of Delaware, which transferred this action to this Court on April 24, 2003. On November 17, 2003, 3Com served its PIC, pursuant to Patent L.R. 3-1, identifying two specific D-Link products, the DFE-530TX and DFE-550TX NICs, as allegedly infringing U.S. Patent Nos. 5,434,872; 5,732,094; and 5,307,459. Exhibit A.[2] In its PIC, 3Com merely provided two-column claim charts. The first column listed the specific elements of the asserted claims, and the second column merely asserted that unspecified "testing demonstrated" that the two accused products had the corresponding element. *Id.*

Rather than moving to strike the PIC, D-Link chose to examine the alleged testing of the accused products, and thus sought discovery of the testing. Exhibits B, C, and D. 3Com, however, refused to provide any information about the testing. Exhibits E, F. After meeting and conferring, D-Link filed a letter motion to compel, *inter alia*, responses to discovery requests seeking the underlying testing. Exhibit G. On May 19, 2004, the day before the hearing before this Court,

---

[2] The Exhibits referred to in this memorandum are exhibits identified in and attached to the Declaration of Steven Morrissett accompanying this motion.

1    3Com finally produced some heavily redacted testing documents, but these documents had nothing
2    to do with the accused products or with their testing. Exhibit H. Following the initial hearing[3] and
3    briefing by each party, this Court referred the matter to Magistrate Judge Zimmerman. Exhibit J.

4    Judge Zimmerman conducted the first hearing on June 30, 2004. Exhibit K. During that
5    hearing, D-Link sought discovery of the testing 3Com had represented in its PIC that it had
6    performed on the DFE-530TX or DFE-550TX accused products. Judge Zimmerman repeatedly
7    inquired of 3Com about its testing of the accused products and gave 3Com numerous opportunities
8    to disclose whether it had in fact provided any discovery of its testing of the accused products.
9    Exhibit K, page 11, line 13 - page 14, line 25; page 18, line 5 - page 21, line 1; page 22, line 4 - page
10   24, line 11; page 30, line 25 - page 34, line 3.

11   After the first hearing with Judge Zimmerman, 3Com produced several infringement charts,
12   but these also had nothing to do with testing of the accused DFE-530TX or DFE-550TX products.[4]
13   Exhibit L. Instead, 3Com's discovery shows that 3Com investigated other products, including
14   testing of a NIC made by Realtek Semiconductor Corporation ("Realtek") for D-Link. Even if
15   3Com did not originally understand that the accused products were not made by Realtek, it certainly
16   cannot claim continued ignorance following the June 30, 2004 hearing before Judge Zimmerman and
17   D-Link's articulation of that fact in its June 10, 2004, response to Realtek's Motion to Intervene.
18   Exhibit N, page 1, line 26 - page 2, line 11.

19   Magistrate Judge Zimmerman ordered 3Com to provide a statement admitting that it
20   performed none of the testing asserted in the PIC (Exhibit O), although on the next day, he stayed
21   that order pending the hearing on September 1, 2004. Exhibit P. At that hearing, counsel for 3Com
22   finally admitted that there were no tests of the products identified in the PIC. Exhibit Q, page 17,

---

[3] D-Link advised the Court at the hearing on May 20, 2004, that without the testing information that 3Com referred to in the PIC, the PIC was inadequate under Patent L.R. 3-1. See Exhibit I, Transcript of May 20, 2004 hearing, page 9, lines 13-18, and page 12, lines 13-21.

[4] The accused DFE-530TX contains a controller chipset made by VIA Technologies and the DFE-550TX contains a controller chipset made by IC+. Realtek Semiconductor Corporation manufactures the controller chipset contained in the DFE-530TX+, a product not accused in 3Com's PIC. Realtek makes no part of either of the accused products. See Exhibit M, Declaration of Deborah Lin.

line 9 - page 20, line 4. Because "no testing demonstrated that the two accused products infringe 3Com's patents," Magistrate Judge Zimmerman denied D-Link's Motion to Compel such testing. Exhibit R. And even in its "Objections to the Magistrate Judge's September 14, 2004, Discovery Order" (Exhibit S), 3Com never disputes this core finding.

In a parallel development, Realtek moved to intervene on May 21, 2004, and this Court granted the motion. Exhibit J. As a result, 3Com can continue this litigation against the NIC that Realtek manufactured.

## III.   ARGUMENT

### A.   3Com Has Failed to Comply with Patent L.R. 3-1(c) Requiring an Identification of Each Element of Each Asserted Claim

Patent Local Rule 3-1 states:

> [A] party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions." . . . [T]he "Disclosure of Asserted Claims and Preliminary Infringement Contentions" shall contain the following information: . . . .
>
>    (c) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality . . . .

This Court has noted that the "patent local rules were adopted by this district in order to give claim charts more 'bite.' The rules are designed to require parties to crystallize their theories of the case early in the litigation." *Atmel Corp. v. Information Storage Devices*, 1998 U.S. Dist. LEXIS 17564 at *7 (N.D. Cal. Nov. 5, 1998). These infringement contentions thus act as a "discovery device" that "takes the place of a series of interrogatories that [an accused infringer] would likely have propounded had the patent local rules not provided for streamlined discovery." *Network Caching Tech. v. Novell, Inc.*, 2002 U.S. Dist. LEXIS 26098 at *11-12 (N.D. Cal. Aug. 13, 2002) ("*Network Caching I*").

A party complies with Patent L.R. 3-1 "by setting forth particular theories of infringement with sufficient specificity beyond that which is provided by the mere language of the patents themselves." *Network Caching Tech. v. Novell, Inc.*, 2003 U.S. Dist. LEXIS 9881 at *12 (N.D. Cal.

Mar. 21, 2003) ("*Network Caching II*").  An infringement contention under Patent L.R. 3-1 that "simply mimics the language of the claim" and that does not provide any "specific link" or "map" between the accused product and the claim language is "plainly insufficient" and does not meet the mandate of Patent L.R. 3-1.  *Network Caching I*, 2002 U.S. Dist. LEXIS 26098 at *17-18; *see also Network Caching II*, 2003 U.S. Dist. LEXIS 9881 at *14.

Since there was no "testing," 3Com's claim charts provide no substantive information regarding 3Com's infringement theories, nor do they provide the required mapping of the patent claim elements to specific features or structure found in the accused products.  Instead, those charts merely repeat each element language after the term "[t]esting demonstrated."

For example, claim 1 of the '459 patent, claims 1, 10, and 21 of the '872 patent, and claims 1, 9, 21, 28, 39, and 47 of the '094 patent require a "buffer memory."  3Com's PIC never identifies that that memory is in the two accused devices, and no testing showed its presence.

Similarly, "threshold logic" in claim 1 of the '459 patent includes "means for comparing" a threshold value stored in an "alterable storage location" to a "counter."  Claim 1 of the '872 patent requires a "means . . . for monitoring [transferred data] . . . to make a threshold determination," claim 10 requires a "means . . . including an alterable threshold store for monitoring [transferred data] . . . to make a threshold determination," and claim 21 requires "logic . . . which monitors [transferred data] . . . to make a threshold determination."  In all cases, 3Com asserted only that testing of the products showed these elements.  Other examples of insufficiencies include "underrun control logic" for supplying a "bad frame signal" when an underrun condition occurs in claim 1 of the '872 patent; and "control means . . . for posting status information for use by the host system, as feedback for optimizing the threshold value" in claim 10 of the '872 patent.

3Com's failure in this regard is not in dispute.  3Com recently admitted that it accused the DFE-530TX and DFE-550TX "products of infringement based upon their functionality and *without reference to the differing components that may be contained within the products.*" (Plaintiff 3Com Corporation's Objections to the Magistrate Judge's September 14, 2004 Discovery Order and Motion for Modification of that Order, Exhibit S at 6 (emphasis added).)  3Com's patent claims, however, consist of elements that must be specifically matched to the accused products, and which

3Com may not ignore. *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1345 (Fed. Cir. 2002) (finding that the invention is defined by the claims, not the "gist" of the invention).

### B. The Court Should Strike 3Com's Preliminary Infringement Contentions Because They are Based on a Misrepresentation and are Manifestly Insufficient

The testing that forms the basis of the PIC never took place. 3Com cannot seriously allege that it included such testing in its PIC due to a mistake because 3Com has known of the error for months, but never sought to correct its PIC. Instead, 3Com (1) continued to tell this Court and D-Link that "testing showed" the alleged infringement; (2) first asserted that it had produced the testing documents and then argued that it complied with the discovery requests because had none to produce; and (3) twenty-two months after the initial lawsuit and eleven months after serving its PIC, refused to provide any factual basis for suing D-Link.

Without proper Rule 3-1 disclosures, D-Link is hampered in preparing its defense. 3Com's conduct has completely frustrated the purpose of the local rules.

Because 3Com's PIC is deficient in failing to describe the structure or process alleged to constitute any of the specific claim elements of any of the patent claims, this Court should strike those contentions. As in *Network Caching I*, the plaintiff in this case has effectively conceded that it has not examined the accused devices. *Id.* at *13. Its contentions lack specificity and therefore fail to meet the requirements of Patent L.R. 3-1. For this reason as well, the Court should strike 3Com's PIC. In addition, the Court has the inherent power to strike any disclosures that contains misrepresentations. *See Primus Auto. Fin. Servs., Inv. v. Nielsen*, 115 F.3d 644, 648 (9th Cir. 1997); *see also Network Caching II*, 2003 U.S. Dist. LEXIS 9881 at * 9–10.

### C. The Court Should Dismiss From This Case Any Claims of Infringement Against the Accused DFE-530TX and DFE-550TX NICs.

The following facts are not in dispute. First, as Judge Zimmerman found, 3Com performed no testing on the DFE-530TX and DFE-550TX before filing the Complaint. Judge Zimmerman gave 3Com numerous opportunities to provide information about its testing of the accused products,

the DFE-530TX and DFE-550TX, and 3Com declined to do so.  Exhibits K, O, and Q.  3Com's failure to substantiate any basis for accusing these products requires that this Court strike those contentions.  *Network Caching I* at *16 (requiring reverse engineering or the equivalent).[5]

Second, 3Com has known of the falsity of its PIC for months now, but has inexplicably refused to correct them.  On the contrary, it has either ignored its misrepresentation or repeated it.

Third, by its intervention, Realtek has given 3Com the opportunity to proceed against the product, the DFE-530TX+, which 3Com apparently tested.

These three facts mandate that the Court dismiss allegations of infringement against the DFE-530TX and DFE-550TX because 3Com had no basis bringing those products into the lawsuit in the first place.[6]  Moreover, dismissing those allegations does not leave 3Com without recourse. It can proceed against the product that it allegedly did test.

## IV.   CONCLUSION

3Com accused two D-Link products of infringement based solely on testing that never occurred.  The Court should strike 3Com's PIC as deficient, as well as dismiss the claims of infringement against the DFE-530TX and DFE-550TX, which have no factual basis.

Dated: October 27, 2004

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.

By: _____/s/_____
    Steven H. Morrissett
    Attorneys for Defendant
    D-Link Systems, Inc.

---

[5] The lack of any basis for its contentions also implicates Fed. R. Civ. P. 11.  *View Eng'g Inc. v Robotic Vision Systems, Inc.,* 208 F3d 981 (Fed Cir 2000); *see also Halaco Eng'g Co. v Costle,* 843 F.2d 376, 381 (9th Cir 1988).  However, the Court need not apply a Rule 11 analysis to strike or dismiss contentions based on the absence of a factual basis supporting the claims in the complaint. *Teknowledge Corp. v. Akamai Techs. Inc.*, 2004 WL 2042864 at *8–10 (N.D. Cal. Sept. 11, 2004); *Network Caching II* at *20–21.

[6] D-Link has sought, unsuccessfully, to obtain 3Com's voluntary withdrawal of its PIC and dismissal of the allegations against the accused products that were not tested.  Exhibit T.