JAMES H. LAUGHLIN, JR. (*Pro Hac Vice*)
ROBERT C. BERTIN (*Pro Hac Vice*)
ALICIA A. MEROS (*Pro Hac Vice*)
CHADWICK A. JACKSON (*Pro Hac Vice*)
SEAN P. O'HANLON (*Pro Hac Vice*)
THOMAS S. VALENTE (*Pro Hac Vice*)
SWIDLER BERLIN SHEREFF FRIEDMAN, LLP
3000 K Street, N.W., Suite 300
Washington, DC 20007-5116
Telephone: 202/424-7500

NEIL A. SMITH (No. 63777)
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: 415/434-1600

Attorneys for Plaintiff 3COM CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| 3COM CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>D-LINK SYSTEMS INC.,<br><br>        Defendant.<br><br>REALTEK SEMICONDUCTOR CORPORATION,<br><br>        Intervenor/<br>        Counterclaim Defendant,<br><br>  v.<br><br>3COM CORPORATION,<br><br>        Intervention Defendant/<br>        Counterclaim Plaintiff. | No. C-03-2177 VRW<br><br>PLAINTIFF 3COM CORPORATION'S NOTICE OF MOTION AND MOTION TO AMEND ITS PRELIMINARY INFRINGEMENT CONTENTIONS AND MEMORANDUM IN SUPPORT THEREOF<br><br>Date: March 10, 2005<br>Time: 2:00 p.m.<br>Place: Courtroom 6, 17th Fl.<br>Judge: Hon. Vaughn R. Walker |

MOTION TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS    C-03-2177 VRW

## MOTION

Pursuant to Patent Local Rule 3-7, Plaintiff 3Com Corporation ("3Com") moves to amend its Preliminary Infringement Contentions, the Motion is to be heard on Thursday, March 10, 2005 at 2:00 p.m. or such other date and time set by the Court. The proposed Amended Preliminary Infringement Contentions are attached as Exhibit A hereto and Exhibit A to the accompanying Declaration of Thomas Valente ("Valente Declaration").

## RELIEF SOUGHT

3Com seeks to have the Court order that 3Com may amend its Preliminary Infringement Contentions to clarify that 3Com is accusing of infringement the "DFE-530TX+" member of the DFE-530TX product family.

## ISSUE TO BE DECIDED

Whether 3Com may amend its Preliminary Infringement Contentions on the basis of evidence filed by Defendant D-Link Systems, Inc. ("D-Link") that causes 3Com to recognize that: 1) D-Link apparently uses a "+", or lack thereof, to distinguish products in the DFE-530TX product family and that 2) 3Com made a scrivener's error in drafting the Contentions without appending a "+" to the "DFE-530TX" designation.

## STATEMENT OF FACTS

3Com brought this suit against D-Link in the United States District Court for the District of Delaware for patent infringement of the claims covered by U.S. Patent Nos. 5,307,459, 5,434,872, and 5,732,094 because, as alleged, D-Link makes, uses, sells and induces others to use and sell certain computer networking devices including the "DFE 530 and other products with similar functionality related to the 3Com Patents…." Exhibit B to Valente Declaration at p. 3, ¶11. D-Link's Answer stated that, "D-Link admits that it is engaged in the business of selling network equipment products, including the DFE-530TX family of products." (Emphasis added). Exhibit C to Valente Declaration at p. 3, ¶11.

1   D-Link also admitted in its Answer that it had been put on notice by letter dated October 21,
2   2002 that its DFE-530TX+ product was infringing the patents that 3Com asserts here against
3   D-Link. *See* id. at p. 3, ¶12.  The case was transferred to this District upon motion by D-
4   Link.

5   On September 2, 2003, Defendant D-Link made its Initial Disclosures, specifically
6   referring to the "DFE-530Tx" as the accused product. Exhibit D to Valente Declaration at p.
7   2, line 22.  On November 17, 2003, pursuant to Patent Local Rule 3-1, Plaintiff 3Com
8   prepared and served Preliminary Infringement Contentions.  The contentions accused
9   Defendant D-Link's DFE-530TX and DFE-550TX computer network interface cards of
10  infringing the three patents-in-suit. *See* Exhibit E to Valente Declaration at p. 2.

11  However, D-Link did not produce any documents or make the requisite showing on the
12  composition of the DFE-530TX and DFE-550TX products, as required by Patent Local Rule
13  3-4(a).[1]  Under the Rule, the documents or showing were due to be included with D-Link's
14  Preliminary Invalidity Contentions, which were served on January 9, 2004.[2]  The purpose of
15  this requirement, 3Com submits, is to allow the clarification of product infringement issues
16  such as that here.

17  Nonetheless, on August 2, 2004, in the course of a discovery dispute, D-Link filed with
18  this Court a Declaration by Deborah Lin. *See* Exhibit F to Valente Declaration.  While Ms.
19  Lin's deposition has not been taken, the Lin Declaration states that D-Link sells the DFE-
20  530TX and DFE-550TX products, as well as the DFE-530TX+ product. *Id.*  The
21  Declaration also states that the DFE-530TX product uses the VIA Technologies VT6102
22  chip, while the DFE-530TX+ product uses the Realtek RTL8139C chip. *Id.*  D-Link has
23  stated that testing documents produced by 3Com in this case "refer to testing on the DFE-

---

[1] 3Com reserves the right to move for further amendments to the Preliminary Infringement Contentions.  For example, on October 7, 2004, 3Com filed a letter with the Court requesting assistance regarding the production of documents by D-Link; good cause to amend might be created when D-Link does produce documents under the Patent Local Rules.  This production may also be relevant to intervenor's products.

[2] D-Link did serve alleged prior art with its Preliminary Invalidity Contentions.

1  530TX+ product with the Realtek chipset…." Exhibit G to Valente Declaration at p. 4, lines
2  24-26.

3  The proceedings in this case are still in an early phase.  On June 23, 2004, this Court
4  granted Realtek Semiconductor Corporation's Motion to Intervene.  There is presently no
5  schedule for Initial Disclosures by Realtek or 3Com on the Realtek infringement or
6  contentions of the parties pursuant to the Patent Local Rules.  Due to this intervention, the
7  date for the Claim Construction hearing in this case has been vacated.  Discovery in this case
8  is still in its initial stages.  In fact, D-Link has yet to produce any documents except for
9  alleged prior art in conjunction with its Preliminary Invalidity Contentions and a few pages
10 of documents produced on August 30, 2004 in response to 3Com's Second Request for
11 Production of Documents.

12
13                                         **ARGUMENT**

14  Although D-Link has not yet produced or made available the "source code,
15 specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient
16 to show the operation of any aspects or elements of an Accused Instrumentality identified by
17 the patent claimant in its Patent L.R. 3-1(c) chart," pursuant to Patent Local Rule 3-4(a), D-
18 Link has recently submitted evidence, namely the Lin Declaration, to this Court that states
19 that the DFE-530TX+ product can be distinguished from the DFE-530TX product in that the
20 former uses the Realtek RTL8169C chip.  The Lin Declaration caused 3Com to realize that
21 3Com should have appended a "+" to the DFE-530TX designation when it drafted its
22 Preliminary Infringement Contentions in order to identify the network interface card in the
23 DFE-530TX family of products that includes the Realtek RTL8169C chip, which 3Com
24 tested.  3Com believes that the non-inclusion of the "+" in the original contentions was a
25 scrivener's error; in fact, it was in October of 2002 that 3Com had put D-Link on notice that
26 the DFE-530TX+ was infringing the 3Com patents.  Exhibit C to Valente Declaration at p.
27 3, ¶12.

28

1    D-Link itself said in its Response to Realtek's Motion to Intervene that "if 3Com's testing included the D-Link cards with Realtek components, the DFE530TX+ cards, and 3Com inadvertently failed to include those cards, then 3Com should be allowed to establish that those cards were always part of its case and amend its preliminary infringement contentions to include them." Exhibit H to Valente Declaration at p. 2, lines 6-9. This is what 3Com seeks to do. D-Link has since acknowledged that documents produced by 3Com in this case show testing of the DFE-530TX+ product with the Realtek chipset. Exhibit G to Valente Declaration at p. 4, lines 24-26. Thus, according to D-Link's own statements, 3Com should be allowed to amend its Preliminary Infringement Contentions to name the DFE-530TX+ as an accused product as demonstrated by 3Com's internal testing. [3]

D-Link would suffer no prejudice from such an amendment of the Preliminary Infringement Contentions. D-Link has admitted that it has been on notice that 3Com was accusing the DFE-530TX+ product of infringement since October of 2002. Exhibit C to Valente Declaration at p. 3, ¶12. Further, the case is in its earliest stages: there is a new intervenor, the claim construction date has been vacated and, except for alleged prior art, D-Link has produced only a few pages of documents.

---

[3] While 3Com could seek additional changes in its preliminary infringement contentions to remove the reference to testing, etc., which has raised issues heretofore, it is not seeking to do so at this time. 3Com seeks only the narrowest changes at this time to correct only the lack of specificity of the D-Link product. 3Com reserves the right to do so, or to change its contention language in the future, as to intervenor's product.

## CONCLUSION

Having demonstrated that there is good cause for 3Com to clarify that it is accusing the "DFE-530TX+" member of the DFE-530TX product family of infringement and that such an amendment will cause no detriment to D-Link, 3Com submits that its Motion to Amend should be granted.

DATED: November 29, 2004.

Respectfully,

JAMES H. LAUGHLIN, JR. (*Pro Hac Vice*)
ROBERT C. BERTIN (*Pro Hac Vice*)
ALICIA A. MEROS (*Pro Hac Vice*)
CHADWICK A. JACKSON (*Pro Hac Vice*)
SEAN P. O'HANLON (*Pro Hac Vice*)
THOMAS S. VALENTE (*Pro Hac Vice*)
SWIDLER BERLIN SHEREFF FRIEDMAN, LLP

NEIL A. SMITH
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation

By: _____/s/_____
         NEIL A. SMITH

Attorneys for Plaintiff 3COM CORPORATION

WD 112904/1-155110002/1185916/v1