IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **3COM CORPORATION,** | **No C 03-2177 VRW** |
| Plaintiff, | **ORDER ON 28 USC § 1927 SANCTIONS** |
| v | |
| **D-LINK SYSTEMS, INC,** | |
| Defendant, | |
| _____ | |
| **REALTEK SEMICONDUCTOR CORP,** | |
| Intervenor | |
| _____/ | |

On May 5, 2005, the court found that plaintiff 3Com Corporation (3Com) had unreasonably and vexatiously multiplied the proceedings in this case in violation of 28 USC § 1927. Doc #251 at 18-19. The parties are familiar with the court's May 5, 2005, order and its factual predicate and thus the court will not recount this history here. The court directed defendant D-Link Systems, Inc (D-Link) to file its request for attorney fees and costs

1  reasonably incurred in (1) preparing for and attending both
2  discovery proceedings before Judge Zimmerman, (2) defending against
3  3Com's motion to amend its preliminary infringement contentions
4  (PIC) and (3) attending the March 3, 2005, hearing on 3Com's motion
5  to amend its PIC.  Id at 19-20.  D-Link submitted its request for
6  attorney fees and costs on May 20, 2005.  Doc #263.  Based upon D-
7  Link's memorandum and the applicable federal law, the court ORDERS
8  3Com to pay D-Link's fees and costs in the amount of $128,919.47
9  pursuant to § 1927.

I

12       To determine a reasonable attorney fee award, the court
13  employs the lodestar method.  Yahoo!, Inc v Net Games, Inc, 329 F
14  Supp 2d 1179, 1182 (ND Cal 2004).  "Three figures are salient in a
15  lodestar calculation:  (1) counsel's reasonable hours, (2)
16  counsel's reasonable hourly rate and (3) a multiplier thought to
17  compensate for various factors (including unusual skill or
18  experience of counsel or the ex ante risk of nonrecovery in the
19  litigation)."  In re HPL Technologies, Inc, Securities Litigation,
20  2005 US Dist LEXIS 7244, *20 (ND Cal 2005) (Walker, J).  Because §
21  1927 sanctions are not based upon the results achieved by a
22  prevailing party in the litigation (indeed, a losing party could
23  potentially receive a § 1927 award), a multiplier is irrelevant to
24  the calculation of the lodestar under § 1927.  Accordingly, the
25  court need only consider D-Link's counsel's reasonable hours and
26  reasonable hourly rate in computing the lodestar.
27       D-Link requests compensation for 370 hours of legal
28  services performed in connection with (1) preparing for and

2

1  attending both discovery proceedings before Judge Zimmerman, (2)
2  defending against 3Com's motion to amend its PIC, (3) attending the
3  March 3, 2005, hearing on the motion to amend and (4) drafting and
4  filing D-Link's motion to strike 3Com's PIC.  Doc #263 (McCauley
5  Decl) at 2-7.  Although the May 5, 2005, order listed only the
6  hours expended on (1)-(3) as recoverable, upon further
7  consideration, the court agrees with D-Link that it should be
8  allowed to recover for the hours expended in drafting its motion to
9  strike, for this motion would not have been required had 3Com
10 heeded Magistrate Judge Zimmerman's discovery order and voluntarily
11 withdrawn its PIC.

12         The court finds D-Link's request for 370 hours
13 reasonable.  3Com's obstinate refusal to recognize the error
14 committed in drafting the PIC forced D-Link to prepare for and
15 appear at two lengthy discovery hearings, draft and defend a motion
16 to strike, oppose a motion to amend, depose two additional
17 witnesses and prepare for and attend the March 3, 2005, hearing.
18 Considering the complexity of the factual and legal questions
19 raised in these motions and depositions –- a complexity in large
20 measure of 3Com's making -- as well as the quality of D-Link's
21 counsel's work, the court finds the number of expended to be
22 reasonable.

23         The court will not, however, allow D-Link to recover for
24 the 68.2 hours expended in drafting its Rule 11 motion for
25 sanctions against 3Com (McCauley Decl at 5-6), a motion that was
26 never filed with the court.  Unlike D-Link's appearances at the
27 hearings and its filing of a motion to strike, the Rule 11 motion
28 was entirely voluntary and was apparently drafted to buttress D-

United States District Court
For the Northern District of California

3

Link's opposition to the motion to amend.

The court now turns to determining a reasonable hourly rate. More than one methodology exists to make this determination. Billing all attorney time at a "blended" hourly rate is probably the appropriate methodology in most lodestar calculations based on its simplicity and promotion of efficiency. HPL Technologies, 2005 US Dist LEXIS 7244 at *24. Such blended rates (perhaps in the $200 per hour neighborhood) typically depend on "the overall billing mix" including substantial time expended by junior attorneys with less experience and low hourly billing rates. Id at *25. In the present case, however, 93.8% of all attorney hours (aside from paralegal and legal staff hours), was expended by senior attorneys with more than thirteen years of legal experience. Indeed, Steven Morrissett, an attorney with more than 20 years of legal experience, billed 141.2 hours during the course of these proceedings. McCauley Decl at 1. Moreover, it is not surprising that senior attorneys were utilized to analyze and argue the complex issues presented in 3Com's and D-Link's discovery disputes and motion practice; these issues concerned (1) when and if certain network interface cards were scientifically tested, (2) if errors were made during this testing and ultimately (3) whether the correct D-Link products were accused in the PIC. Such case-critical matters could not reasonably be delegated to junior attorneys.

Because of the large amount of senior attorney time expended, the court concludes that the use of a blended hourly rate appears insufficient to reflect the market rate for D-Link's counsel's services.

In <u>Laffey v Northwest Airlines, Inc</u>, 572 F Supp 354 (D DC 1983), aff'd in part, rev'd in part on other grounds, 746 F2d 4 (DC Cir 1984), the court employed a variety of hourly billing rates to account for the various attorneys' different levels of experience. The <u>Laffey</u> methodology is useful when an unusually large fraction of either senior or junior attorney time is necessary, and spent, by counsel on behalf of a client. The <u>Laffey</u> methodology allows the court to reflect in the fee award the disproportion of the time spent by senior or junior attorneys at a rate commensurate with such attorneys' market hourly rate. Cf <u>HPL Technologies</u>, 2005 US Dist LEXIS 7244 at *25-26. The <u>Laffey</u> methodology, or the "Laffey matrix," has since become a well-established objective source for rates that very by experience in the District of Columbia. Id at 26; see [www.usdoj.gov/usao/dc/Divisions/Civil\_Division/Laffey\_Matrix\_4html](www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_4html). As detailed above, the large fraction of senior attorney time utilized by D-Link leads this court to conclude that the <u>Laffey</u> matrix is a good fit for the this case.

Under the 2005 <u>Laffey</u> matrix, attorneys with 20 or more years of experience bill $390/hour; attorneys with 11-19 years of experience bill $345/hour; attorneys with 4-7 years of experience bill $225/hour; and paralegals and law clerks bill $110/hour. These figures are tailored for the District of Columbia and thus apply without adjustment to attorneys Elizabeth Niemeyer and E Robert Yoches, both of whom reside in the District of Columbia. The District of Columbia, however, has a somewhat lower cost of living than the San Francisco Bay area (in which attorneys Morrissett and Robert McCauley reside) and thus the court will

5

adjust these figures accordingly for Morrissett and McCauley.

The locality pay differentials within the federal courts -- which, like law firms, employ lawyers and legal support staff -- can approximate this difference. See http://jnet.ao.dcn/Human_Resources/Pay_Tables/2005_Pay_Tables/Judiciary_Salary_Plan_Pay_Tables_2005.html. The Washington-Baltimore area has a +15.98% locality pay differential; the San Francisco-Oakland-San Jose area has a +26.39% locality pay differential. Thus, adjusting the Laffey matrix figures upward by approximately 9% will yield rates appropriate for the Bay area.[1]

Applying this adjustment to an attorney when appropriate, the court calculates these following data:

| Attorney | Experience | Rate (per hr) | Adjustment | Total Hours | Total lodestar |
|---|---|---|---|---|---|
| Yoches | 25 | $390 | n/a= $390 | 67.8 | $26,442.00 |
| Morrissett | 20+ | $390 | 9% = $425 | 141.2 | $60,010.00 |
| McCauley | 13 | $345 | 9% = $376 | 28.6 | $10,753.80 |
| Niemeyer | 5 | $225 | n/a= $225 | 15.7 | $3,532.50 |
| Paralegals/ Law Clerks | n/a | $110 | 9% = $120 | 116.7 | $14,004.00 |
| | | | Total | 370.0 | $114,742.30 |

Accordingly, pursuant to § 1927, D-Link is entitled to $114,742.30 in reasonable attorney fees.

II

Additionally, D-Link requests $14,177.17 in costs reasonably incurred in (1) traveling to and attending all three

---

[1] $(126.39 - 115.98) / 115.98 = 0.08976$, or about 9%.

1  hearings, (2) traveling to and conducting the Rule 30(b)(6)
2  deposition of 3Com and the deposition of Chadwick Jackson, (3)
3  obtaining transcripts of the hearings and the depositions and (4)
4  using courier services to deliver chamber copies of all filed
5  documents.  Because most of the traveling in this case required
6  transcontinental flights from the District of Columbia to San
7  Francisco, the court finds these costs to be reasonable.

### III

In sum, pursuant to 28 USC § 1927, the court ORDERS 3Com to pay D-Link $128,919.47 in attorney fees and costs reasonably incurred as a result of 3Com's unreasonable and vexatious multiplication of the proceedings in this case.  As stated in the court's May 5, 2005, order, upon payment of these sanctions to D-Link, 3Com may file its amended PIC.

IT IS SO ORDERED.



VAUGHN R WALKER

United States District Chief Judge