UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 3COM CORPORATION, | ) | |
| Plaintiff(s), | ) | No. C03-2177 VRW (BZ) |
| v. | ) | |
| D-LINK SYSTEMS, INC., | ) | **ORDER ON MOTION TO STRIKE PLAINTIFF'S AMENDED PRELIMINARY INFRINGEMENT CONTENTIONS** |
| Defendant(s). | ) | |

Defendant Realtek Semiconductor Corp. has moved to strike plaintiff's Amended Preliminary Infringement Contentions (Amended Contentions) served September 16, 2005. The thrust of Realtek's argument is that the Amended Contentions do not contain the level of specificity required by Patent Local Rule 3-1.

Although the motion seeks to strike the entire 42 page set of Amended Contentions, in its argument, Realtek focuses on 3 deficiencies. The first is with respect to Claim 26, of the '446 patent which has as an element "using said descriptor signal to generate a frame segment descriptor using a

1

segmentation circuit." 3Com's Amended Contention states that the accused products include a "segmentation circuit to generate a frame segment descriptor. *See* 8169 Spec. at 5." Realtek argues that the 8169 Specification "cannot be interpreted to mean that the RTL 8169 uses this specific, elaborate process....Realtek's products simply do not "generate a frame signal descriptor" at all" (Memo 7:17-20).

As this court has previously noted:

> While NCT's responses may not be an exemplary model of disclosure, Patent LR 3-1 does not require NCT to produce evidence of infringement or to set forth ironclad and irrefutable claim constructions. Rather, Patent LR 3-1 is "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." [Citations] Whether those theories may ultimately be vindicated through claim construction and at trial is an entirely separate matter from whether Patent LR 3-1 has been satisfied. At this juncture, a party may comply with Patent LR 3-1 by setting forth particular theories of infringement with sufficient specificity to provide defendants' with notice of infringement beyond that which is provided by the mere language of the patents themselves. <u>Network Caching Technology, LLC v. Novell, Inc.</u>, 2003 WL 21699799 at *4 (N.D. Cal. March 21, 2003).

Here too, the most Realtek's argument establishes is that it may prevail on this claim. Realtek has not established that the Amended Contention lacks the specificity required by Patent Local Rule 3-1. At the same time, I interpret the Patent Local Rules as precluding 3Com from using information at trial which should have been provided as part of its Amended Contentions but was not. In its opposition, 3Com states that had it been aware of Realtek's concern, it could have "directed Realtek to page 3 of the RTL 8169 specification"(Opp 6:13) which contains additional

2

information, and not page 5. I believe that the deficiency chart attached to Yang's October 31, 2005 letter put 3Com on sufficient notice of Realtek's concern such that when 3Com met and conferred with Realtek, 3Com should then have proffered the additional information it now offers.

The second claimed deficiency is with respect to Claim 1 of the '884 patent. An element of that claim is "a first port on which incoming data is received at a data transfer rate." The Amended Contention is that each of the accused products has a "port or ports operable to receive data from a network. *See* 8169 spec at 4-5." While this specification is not before me, Realtek claims and 3Com does not deny that the specification fails to disclose what structure depicted on that specification constitutes the first port. In its opposition, 3Com merely states that "by their very nature, the accused products must contain" (Opp 6:27) such a port and that it "must be between the computer and the network" (Opp 7:3). The Local Patent Rules are not satisfied by an assertion that the accused product must contain a certain structure. Instead, 3Com must specify which structure constitutes the first port.

The third claimed deficiency involves Claim 23 of the '625 patent. An element of that claim is "a buffer coupled to the first and second ports which stores data packets from one of the first and second ports in an order of receipt, said packets identifiable as having respective packet types from a plurality of packet types." Realtek complains that in its view, nothing in the Amended Contention "suggests that the two

3

[described structures] are coupled to a first or second port...or stores data packets from one of the first and second ports in an order of receipt." (Memo 9:4-6). Once again, this merely establishes that Realtek may prevail; not that the disclosure is inadequate.

As to the rest of the Amended Contentions, having reviewed them without the benefit of specific argument directed to the claimed deficiencies, they appear to provide Realtek with "notice of infringement beyond that which is provided by the mere language of the patents themselves." As I have previously suggested to the parties, many of these problems could have been resolved had the parties met and conferred in good faith with the goal of resolving their problems rather than preparing for a motion.[1] Without offering a view as to who has misbehaved, it is disturbing to read 3Com's complaint that had Realtek truly expressed its concerns, 3Com would have provided more information. At the same time, 3Com should bear in mind that the meet and confer process imposes obligations on both parties to resolve outstanding issues and that withholding information which a party should have produced should have produced may be grounds for excluding that information at trial.

Alternatively, I suggested that some of Realtek's concerns could be resolved by a 30(b)(6) deposition of someone most knowledgeable about 3Com's contentions. Nonending

---

[1] Significantly, Realtek did not lodge a record of the meet and confer session as required by my Seventh Discovery Order.

4

disputes about the adequacy of a set of contentions as detailed as 3Com's is not the best way of resolving Realtek's concerns.

For the foregoing reasons, **IT IS ORDERED** that Realtek's motion is **DENIED** except that within 14 days of this Order, 3Com shall further amend its contention with respect to Claim 1 of the '884 Patent.

Dated: January 9, 2006

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\3COM\DISC9.ORDER.wpd