AKIN GUMP STRAUSS HAUER & FELD, LLP
YITAI HU (*Pro Hac Vice*)
ELIZABETH H. RADER (SBN 184963)
MING-TAO YANG (SBN 221295)
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA  94306-2112
Telephone:      (650) 838-2000
Facsimile:       (650) 838-2001
Email:             erader@akingump.com

Attorneys for Defendant
REALTEK SEMICONDUCTOR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| 3COM CORPORATION,<br><br>             Plaintiff,<br><br>      v.<br><br>D-LINK SYSTEMS, INC.<br><br>      and<br><br>REALTEK SEMICONDUCTOR CORPORATION<br><br>             Defendants. | Case No. CV-03-2177-VRW ENE<br><br>**REALTEK'S NOTICE OF MOTION AND MOTION TO DISMISS WITH PREJUDICE 3COM'S INFRINGEMENT CLAIMS FOR U.S. PATENT NO. 6,115,776**<br><br>Judge:        Vaughn R. Walker<br>Date:          September 21, 2006<br>Time:         2:00 p.m.<br>Courtroom:  6, 17th Floor |

### NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 21, 2006, at 2:00 p.m., in Courtroom 6 of this Court, Defendant Realtek Semiconductor Corporation ("Realtek") will and hereby does move this Court to dismiss with prejudice Plaintiff 3Com Corporation's ("3Com") claims that Realtek infringed U.S. Patent No. 6,115,776 ("'776 Patent"), based on Fed. R. Civ. P. 41(b) for failure to prosecute.

This motion is based upon this Notice of Motion and Motion, Memorandum of Points and Authorities, the supporting declaration of Elizabeth H. Rader, all judicially noticeable facts, other papers and pleadings on file, and such oral and written materials as may be presented to the Court at or prior to the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Realtek asks the Court to dismiss with prejudice 3Com's claims that Realtek infringes claims of 3Com's '776 Patent, for failure to prosecute. Since asserting this patent against Realtek approximately two years ago, 3Com's only action with respect to this patent has been to serve deficient Preliminary Infringement Contentions that merely repeated the terms of the asserted claim and recited that Realtek's products have each element. When the Court gave 3Com the opportunity to re-do its contentions with new counsel, 3Com omitted any reference to the '776 Patent and, when asked, confirmed it was no longer asserting it "at this time." 3Com, however, ignored Realtek's repeated request to dismiss its claim and for a covenant not to sue on the '776 Patent, which would allow Realtek to drop its corresponding claims for declaratory judgment and streamline the case. Also, 3Com failed to present any claim term for construction in the recently-completed claim construction briefing and hearing. The issue of whether or not Realtek infringes the '776 Patent does not disappear from this case just because 3Com, after bringing these claims, has realized their lack of merit and decided not to press them. 3Com's allegations continue to hang over the heads of Realtek and Realtek's customers, even though 3Com has failed to prosecute this claim for nearly one year. Accordingly, Realtek asks the Court to dismiss 3Com's infringement claims with prejudice.

### II. STATEMENT OF FACTS

3Com originally asserted seven patents in its July 13, 2004 Counterclaim against Realtek. Declaration of Elizabeth H. Rader In Support of Realtek's Motion to Dismiss ("Rader Decl."), Exh. A. Realtek has asserted claims for declaratory judgment of invalidity and noninfringement of all seven of 3Com's asserted patents. *Id.*, Exh. B. On January 14, 2005, 3Com served its Disclosure of Asserted Claims and Preliminary Infringement Contentions ("PICs"), pursuant to Patent Local Rule 3-1. These

1  PICs asserted claims of each of the seven patents-in-suit. *Id*., Exh. C. Realtek identified certain
2  deficiencies in these PICs in a letter brief to this Court dated February 8, 2005. *Id*., Exh. D. The Court
3  never directly addressed Realtek's complaints about the sufficiency of 3Com's January 14, 2005 PICs.
4  Instead, on May 5, 2005, the Court granted co-defendant D-Link's motion to strike and granted in part
5  3Com's motion to amend its PICs. *Id*., Exh. E. The Court's May 5 Order explained that PICs must
6  demonstrate that the patentee's counsel has applied the claims of each patent to an accused device and
7  concluded that there exists a reasonable basis for a finding of infringement. *Id.* at 13.
8      The Court held a further Case Management Conference on June 21, 2005. At that time,
9  3Com's new counsel advised the Court that 3Com understood the Court's May 5, 2005 Order and, if
10 the Court agreed, 3Com would not only serve amended PICs on D-Link but also would voluntarily
11 serve amended PICs on Realtek, on September 16, 2005. Rader Decl., Exh. F (6/21/05 tr. at page 3).
12 The Court agreed with the proposed amendment and stipulated schedule, giving 3Com almost three
13 full months to investigate its case and properly re-do its PICs.
14     On September 16, 2005, 3Com served its Amended Disclosure of Asserted Claims and
15 Preliminary Infringement Contentions ("Amended PICs"). *Id*., Exh. G. The Amended PICs said
16 nothing about U.S. Patent No. 6,115,776. On September 20, 2005 Realtek's counsel asked 3Com
17 about the absence of any allegations concerning the '776 Patent in the Amended PICs. *Id*., Exh. H.
18 3Com's counsel stated in a letter dated September 22, 2005: "Lastly, I can confirm 3Com is no longer
19 asserting the '776 Patent at this time." *Id*., Exh. I. On October 20, 2005, Realtek reminded 3Com of
20 Realtek's declaratory judgment claim on the '776 Patent and asked 3Com for a covenant not to sue on
21 the '776 Patent. *Id*., Exh. J. 3Com did not respond. Realtek followed up in a letter dated November 8,
22 2005. *Id*., Exh. K. Again, 3Com did not respond. Nor did 3Com present any claim terms for
23 construction in the now-concluded claim construction hearing. On July 21, before filing this motion,
24 Realtek once more asked 3Com to provide Realtek with a covenant not to sue on the '776 Patent, in
25 exchange for which Realtek would drop its counterclaim for declaratory judgment on the same patent.
26 *Id*., Exh. L. 3Com still has not taken any steps to dismiss its claims for infringement of the '776 Patent
27 or given Realtek any assurance that it will not assert the '776 Patent against Realtek or its customers in
28 the future.

## III. ARGUMENT

### A. 3Com Waived Its Right To Argue That Realtek Infringes Any Claim of the '776 Patent When It Failed to Serve Amended PICs Alleging Infringement of that Patent.

Patent Local Rule 3-1 provides that within ten days of the Initial Case Management Conference, a party claiming patent infringement must serve a Disclosure of Asserted Claims and PICs, containing, among other things, "[e]ach claim of each patent-in-suit that is allegedly infringed by each opposing party." Patent. L.R. 3-1(a). Notably, this local rule applies to "a party claiming infringement," whether that party is a patentee plaintiff asserting infringement or a patentee who is a defendant in an alleged infringer's suit for declaratory judgment but has counterclaimed for infringement. Without proper PICs from the patentee setting out in detail the factual basis for its theories of infringement, the alleged infringer is prejudiced in its ability to prove its products do not, in fact, infringe. Thus, 3Com was obligated to provide proper PICs on the '776 Patent not merely to maintain its own claims for infringement against Realtek but also to maintain its defense to Realtek's claims for declaratory judgment that its products do not infringe any claims of the seven patents 3Com asserted against Realtek. 3Com did not refer to the '776 Patent at all in its Amended PICs.

The patent local rules are designed to avoid "vexatious shuffling of positions" that could occur if the parties are permitted to freely modify their infringement contentions at any point in the action. *Berger v. Rossignol Ski Co.*, 2006 WL 1095914 at * 3 (N.D. Cal. April 25, 2006), quoting *JSR Corp. v. Tokyo Ohka Kogyo Co.*, 2001 Dist. LEXIS 24959 at * 18 (N.D. Cal. September 12, 2001). (These authorities are provided for the Court's convenience as Rader Decl., Exhs. M and N.) 3Com cannot avoid the Local Rules' requirement to serve PICs and claim charts for the '776 Patent by stating that it is not asserting the '776 Patent "at this time." By asserting that patent in its Counterclaim and in its original PICs, 3Com created a live and ripe controversy and thus grounds for subject matter jurisdiction over Realtek's claims for declaratory judgment that the '776 Patent is invalid and non-infringed. *See Cardinal Chem. Co. v. Morton Int'l, Inc.,* 508 U.S. 83, 96 (1993) ("If … a party has actually been charged with infringement of the patent, there is, *necessarily*, a case or controversy adequate to support jurisdiction of a complaint, or a counterclaim under the Act."). 3Com was well aware of Realtek's claim for declaratory judgment of noninfringement when it chose not to include

1  allegations of infringement of the '776 Patent in its Amended PICs.  Having failed to crystallize its
2  theories of infringement for the '776 Patent either in its original, conclusory PICs or in its Amended
3  PICs after having several months to re-do its infringement analysis, 3Com has waived any right to
4  argue that any Realtek product infringes the '776 Patent.

> **B.    3Com's Infringement Claims for the '776 Patent Must Be Dismissed with Prejudice under Fed. R. Civ. P. 41(b) Because 3Com Failed to Prosecute Those Claims.**

Fed. R. Civ. P. 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. … a dismissal … operates as an adjudication upon the merits."  In *Yourish v. California Amplifier*, plaintiff *Yourish* disobeyed the court's order to timely amend its complaint, and the court dismissed the case with prejudice under Fed. R. Civ. P. 41(b).  *Yourish*, 191 F.3d at 985-86, 992 (9th Cir. 1999).  The *Yourish* court considered five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on merits; and (5) the availability of less drastic alternatives.  *Id.* at 990 (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  The *Yourish* court held that either four favorable factors or three strongly favorable factors may warrant dismissal.  *Id.*  Similarly, in *Designing Health, Inc. v. Erasmus,* 2002 U.S. Dist. LEXIS 27790 (C.D. Cal. February 25, 2002), *aff'd*, 132 Fed. App'x 826 (Fed. Cir. 2005), the court dismissed with prejudice under Fed. R. Civ. P. 41(b) some patent infringement claims because of the plaintiff's failure to prosecute those claims.  *Designing Health, Inc.,* 2002 U.S. Dist. LEXIS 27790 at *4-8 (provided for the Court's convenience as Rader Decl., Exh. O).  Initially, the plaintiff alleged infringement of two of its patents.  After three years, however, it could only identify a few individual patent claims as being infringed.  *Id.* at *4-5.  Applying the five-factor test in *Yourish*, the court found all five factors favorable and dismissed plaintiff's allegations on the remaining patent claims.  *Id.* at *7-8.

3Com's failure to prosecute its claims against Realtek for infringement of the '776 Patent meets the standard for dismissal with prejudice under Fed. R. Civ. P. 41(b).  Here, three *Yourish* factors strongly favor dismissing 3Com's '776 claims:  (1) the public has a strong interest in prompt resolution

of a patent infringement dispute between two corporations; (2) this court needs to manage its docket; and (3) 3Com caused Realtek to incur a high risk of prejudice because Realtek cannot be expected to prepare its noninfringement case for the '776 Patent without proper infringement contentions. The other two factors are also favorable. 3Com's litigation conduct, namely, dropping the '776 Patent from its September 16, 2005 Amended PICs, and confirming that it intentionally was no longer asserting the patent, suggests that, after investigating the allegations made by its previous counsel, 3Com concluded it had no reasonable basis to assert the '776 Patent against Realtek. Finally, like the *Designing Health* court, this Court has no less drastic alternative but to dismiss 3Com's infringement claims for the '776 Patent. Therefore, the Court should dismiss 3Com's claims of infringement of the '776 Patent, with prejudice.

### C. Realtek Should Be Awarded Its Costs For Defending the '776 Claims.

The Court hypothesized in its May 5, 2005 Order granting 3Com's Motion To Strike, that 3Com did not do a proper pre-filing investigation before drafting its PICs against Realtek. Rader Decl., Exh. E at 16-17 ("Rather than conduct an independent investigation as required by Pat. L.R. 3-1 and compare the accused product to each and every claim of the patent, [counsel] simply relied on 3Com's mistaken representations…"). It now seems that 3Com's original counsel did not do a proper pre-filing investigation that would satisfy Rule 11 with respect to Realtek's products either, at least with respect to the '776 Patent. When new counsel availed itself of a three month extension to re-do its investigation and PICs, it apparently determined that there was no reasonable basis to assert the '776 Patent after all, and therefore omitted the '776 claims from its Amended PICs. As a result, these apparently meritless claims are in judicial limbo. 3Com has told Realtek it is not asserting the patent "at this time" but has neither 1) agreed and represented that it will not to sue Realtek on it in the future or 2) moved to amend its Counterclaim to drop the claims no longer asserted nor 3) served PIC and claim charts for the '776 Patent on which Realtek can rely in pursuing its claim for judgment of noninfringement. 3Com's conduct has unreasonably and vexatiously multiplied the cost of proceedings in this case. Accordingly, Realtek should be awarded its attorneys fees reasonably incurred to defend against the '776 Patent, including the costs of this motion, under 28 U.S.C. § 1927.

## IV. CONCLUSION

3Com admits that it no longer asserts the '776 Patent against Realtek.  All five *Yourish* factors favor, and three factors strongly favor, dismissing 3Com's allegations on this patent with prejudice. 3Com, having failed to even come forward with Preliminary Infringement Contentions for the '776 Patent, can offer no admissible evidence that any Realtek product infringes any claim of the '776 Patent.  Realtek respectfully submits that the Court should dismiss with prejudice 3Com's claims against Realtek for the '776 Patent.

Dated:  August 14, 2006                    AKIN GUMP STRAUSS HAUER & FELD LLP

By_____/s/_____
                Elizabeth H. Rader

Attorneys For Defendant
REALTEK SEMICONDUCTOR CORPORATION