IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

3COM CORP,   No C 03-2177 VRW

    Plaintiff,   ORDER

    v

REALTEK SEMICONDUCTOR CORP,

    Defendant.
_____/

    On March 20, 2008, 3Com Corporation ("3Com") requested guidance from the court whether it will preliminarily instruct the jury regarding its finding that certain Realtek Semiconductor Corporation ("Realtek") products infringe claim 1 of United States patent 5,307,459 ("the '459 patent"), claim 21 of United States patent 5,434,872 ("the '872 patent") and claim 28 of United States patent 5,732,094 ("the '094 patent").

    The court will inform the jury of its findings. The substance of the preliminary instruction on this matter will be:

        I will first give you a summary of each side's

contentions in this case. I will then tell you what each side must prove to win on each of its contentions.

3Com seeks money damages from Realtek for allegedly infringing the 3Com patents by making, importing, selling, and offering for sale certain network interface adapters that 3Com argues are covered by claim 1 of the '459 patent, claims 10 and 21 of the '872 patent, claims 28 and 47 of the '094 patent and/or claim 1 of the '884 patent. These claims may be referred to as the "asserted claims." 3Com also argues that Realtek has actively induced infringement of the asserted claims by others and contributed to the infringement of these claims.

The Realtek products that are alleged to infringe the 3Com patents will be referred to as the "accused Realtek products." Realtek's accused products can be organized into five product groups: I, II, III, IV and V.

3Com alleges that product groups I, II and III infringe claim 1 of the '459 patent, that all of the accused products infringe claims 10 and 21 of the '872 patent, that product groups I and II infringe claims 28 and 47 of the '094 patent and that product groups III, IV and V infringe claim 1 of the '884 patent.

Realtek denies that it has infringed any of the asserted claims of the 3Com patents and argues that, in addition, all of the asserted claims are invalid.

It has already been determined in other proceedings that product groups I, II and III infringe claim 1 of the '459 patent, that all of the accused Realtek products infringe Claim 21 of the '872 patent and that product groups I and II infringe claim 28 of the '094 patent. You need not, therefore, consider the issue of infringement with respect to those products and claims. You will, however, have to consider Realtek's contentions that these claims are invalid.

The previous determination of infringement of certain claims does not indicate an opinion of the court as to the issues that you are to decide and it should not in any way affect your consideration of those issues.

Your job will be to decide whether any or all of the accused Realtek products infringe claim 10 of the '872 patent, whether product group I or product group II infringe claim 47 of the '094 patent and whether product groups III, IV or V infringe claim 1 of the '884 patent. In addition, you will need to decide whether any of the asserted claims are invalid.

If you decide that any asserted claim is not invalid and either (1) you decide that such claim has been infringed or (2) it has already been determined in other proceedings that such claim was infringed, you will then need to decide any money damages to be awarded to 3Com to compensate it for the infringement. You will also need to make a finding whether the infringement was willful. If you decide that any infringement was willful, that decision should not affect any damage award you give. I will take willfulness into account in later proceedings.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge